NATHAN MYRICK, Appellant, *vs.* CHARLES E. DOLE, ET. AL. Respondents.

This was an appeal from a judgment against the Appellant, in favor of the Respondents, in the District Court for Ramsey County.

The Plaintiffs below, Charles E. Dole and others, were the proprietors of the steamboat "Governor Ramsey," and brought their suit to recover $156 17—balance due for freight on goods conveyed on said boat from St. Anthony to Sauk Rapids, for the Defendant, at different times between the 1st of May and the 25th of October, 1851.

The Defendant, in his answer, set forth: that said freight was received by Plaintiffs at St. Anthony, and that they had agreed to convey and deliver the same, for forty-five cents per hundred weight, to Sauk Rapids, in Benton County; that the Plaintiffs only conveyed one-fourth of the freight to Sauk Rapids, having left the balance at Baptist's Landing, four miles below Sauk Rapids, by reason whereof the Defendant was subjected to great inconvenience and injury, for want of a suitable warehouse at that place in which to store the same from the weather, &c.

For a further defence, the Defendant set forth that the Plaintiffs had received fourteen sacks of corn and two sacks of peas, worth $40, and five barrels of flour, worth $35, belonging to said Defendant, which they had agreed to deliver at Sauk Rapids, but that the same had never been delivered there or elsewhere; and demands judgment against the Plaintiffs for the sum of seventy-five dollars, the alleged value of the corn, peas and flour.

The Reply of the Plaintiffs states that the Defendant knew that there were two landings at Sauk Rapids—the lower one called "Baptist's Landing"—and that it was the custom of said boat to leave goods at either landing, at the discretion of the master;

That the Defendant well knew that the boat could not land and discharge freight above Baptist's Landing, except at high water, and that when this contract of affreightment was made it was understood and considered that a delivery at Baptist's Landing was a full execution of said contract; that they had, in fact, delivered more than one-half of said freight at the upper landing, but that, in consequence of low water, the balance of said freight was delivered at Baptist's Landing, and that the Defendant received the same and assented to the delivery there, as a full execution of said contract;

That the Defendant was not subjected to damage or inconvenience thereby, as the goods had been stored in good order and condition in Baptist's warehouse, where the Defendant received the same;

And allege, that they delivered all goods and freight to the Defendant which they had received from him, and transported the same to Sauk Rapids as aforesaid, except as otherwise expressly ordered by the Defendant, and further excepting one barrel of flour, two bags of peas, and one bed-cord, which the Plaintiffs bought of the Defendant, and for which he had been credited in his bill.

At the October Term, 1853, of the District Court, the cause was referred to James K. Humphrey, Esq. to hear and decide the whole issue between the said parties.

On the 23d December, 1853, the Referee made a report to the Court, that he had found that there was due from the Defendant to the Plaintiffs the sum of one hundred and three dollars and seventy-nine cents.

Upon motion of Defendant's Counsel, it was ordered that the Referee report the facts by him found in said action, from the proofs and allegations of the parties.

Pursuant to this order, the Referee reported the following facts as proved:

That, in the spring of the year 1851, the Plaintiffs agreed to carry freight for the Defendant from St. Anthony to Sauk Rapids, for the sum of forty-five cents per hundred weight; that under this agreement the Defendant shipped and the Plain-

21

tiffs carried a certain amount of freight from and to the places, and at the times stated in the Schedule annexed to the report.

That whenever freight was left at Baptist's, or Sauk Rapids lower landing, it was left there because the boat could not get any higher up the Rapids on account of low water, and that when goods were so left the Defendant had reasonable notice; that whenever freight shipped under this contract was put off at any point below the lower landing, it was at the request of Defendant.

That the slight variance between the time stated in the Bill of Particulars and the time proved did not mislead the Defendant at all, and is therefore immaterial.

That the Plaintiffs left 55,448 pounds of freight at the lower landing in good condition and safely stored, which it was worth ten cents per hundred weight to haul to the upper landing, and upon which, therefore, a deduction of ten cents per hundred weight has been made.

That the Defendant sustained much damage through the negligence of warehousemen.

That, although the charge of two dollars for carrying freight from Baptist's to Big Bend is not covered by the complaint, yet it is charged in the Bill of Particulars and denied by the Defendant's answer. Now, if the Bill of Particulars is good to exclude proof of items covered by the complaint, because they are not charged in the Bill, it is also good to include proof of items charged in the Bill though not covered by the complaint,—especially if the charge is answered and denied by the Defendant: for he has his election to strike out that which was a departure from the original complaint, or aid the pleading of the Plaintiffs by answering the defective part.

[As the Bill of Particulars referred to in the Report of the Referee is not among the files, it is deemed unnecessary to give the Schedule annexed to the Report.]

Judgment was rendered in favor of the Plaintiffs according to the report of the Referee: from which judgment the Defendant appealed.

Myrick *v.* Dole et. al.

Specification of points and authorities submitted on behalf of said Appellant:

*First.* That from the facts reported by the Referee, upon which the judgment in this case was entered, it appears that the Plaintiffs did not establish their case.

*Second.* That the Referee erred in allowing the Plaintiffs and charging the Defendant with the following items set forth in Schedule A. appended to his report, to wit:

| Date. | Amount of Freight. | Where Left. | | Amount. | | | |
|---|---|---|---|---|---|---|---|
| 1851, May 1. | 13,368 | Baptist's Landing, | | $60 | 15 | | |
| Aug. 7. | 12,713 | " | " | 57 | 20 | | |
| | Grave-Stones, | " | " | 1 | 00 | | |
| | Shingles, | " | " · | 4 | 00 | | |
| Aug. 10. | 19,137 | " | " | 87 | 16 | | |
| 14. | 2,611 | " | " | 11 | 74 | | |
| 25. | 6,696 | " | " | 30 | 13 | | |
| Oct. 3. | 700 | " | " | 3 | 15 | | |
| 10. | 5 bbls. 1 box, | " | " | 2 | 75 | | |
| | | | | | | $257 | 28 |
| May 1. | 1,748 | Elk River, | | 7 | 86 | | |
| | One Harrow, | " " | | 1 | 00 | | |
| | | | | | | 8 | 86 |
| July 12. | 2 boxes Mdse. | Big Bend, | | 1 | 00 | | |
| Aug. 14. | 825 | " " | | 3 | 71 | | |
| 25. | 4,840 | " " | | 21 | 78 | | |
| 27. | Carrying freight from Baptist's to Big Bend, | | | 2 | 00 | | |
| | | | | | | 38 | 49 |
| | | | | | | $330 | 93 |

*Third.* That the said items do not form part of the cause of action of the Plaintiffs.

*Fourth.* That as to the said items, there is a variance between the allegations in the complaint and the proof, and that proof of the same was not admissible under the pleadings.

*Fifth.* That the Plaintiffs did not comply with their contract, which was to carry the goods to Sauk Rapids.

*Sixth.* That they were not entitled to charge for freight until they had carried it to Sauk Rapids.

*Seventh.* That the Plaintiffs were answerable for any damages sustained by the Defendant while the goods were stored at Baptist's Landing.

*Eighth.* That the amount of such damage should have been ascertained by the Referee, and was *pro tanto* a good defence to this action.

*Ninth.* That the Referee has not reported on the Defendant's claim for the non-delivery and loss of fourteen sacks of corn and two sacks of peas of the Defendant, worth $40, and five barrels of flour of the Defendant, worth $35.

*Tenth.* That the Referee should have allowed the last-mentioned claim.

*Eleventh.* That the report of the said Referee was contrary to the evidence and law of the case.

Authorities: *Crawford vs. Morrell,* 8 *Johns.* 253; *Phillips vs. Rose,* 8 *Johns.* 392; *Robertson vs. Lynch,* 18 *Johns.* 451; *Lower vs. Winters,* 7 *Cow.* 263; 1 *Chitty's Pleadings,* 309, 618; *McArthur vs. Sears,* 21 *Wend.* 190; *De Mott vs. Laraway,* 14 *Wend.* 225; *St. John vs. Van Santvoord,* 25 *Wend.* 660; *Ostrander vs. Brown,* 15 *J. R.* 39; *Schureman vs. Withers, Ansh. N. P.* 166; 1 *Dig. N. Y. Rep.* 350; 3 *Kent's Comm.* 219; *Case of Ship "Hooper",* 3 *Sumner,* 542; *Frish vs. Barker,* 2 *J. R.* 327; *Jenks vs. Hallet,* 1 *Caine's R.* 60; *Butler vs. Hopper,* 1 *W. C. C.* 449, *cited in U. S. Dig.* 3d vol. sec. 191, *page* 634; *Lawrence vs. Beabieu,* 2 *Bailey,* 623; *ibid, sec.* 187, *p.* 634; *Peterson vs. U. S.* 2 *W. C. C.* 36; *McCarty vs. Allison,* 24 *Wend.* 291.

Points and authorities submitted on part of the Appellees:

*First.* The amended Report of the Referee having been made subsequently to the rendering of the judgment, which is appealed from, cannot properly be considered on this appeal. *Wend.* 2, 52; *R. S. p.* 414, sec. 7.

*Second.* The facts reported in the said amended Report do sustain the finding of the Referee.

HOLLINSHEAD & BECKER, Counsel for Appellant.

D. A. SECOMB, Counsel for Respondents.

The judgment of the Court below was affirmed with costs. [No opinion filed.]